<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ABUSSAMAA RASUL RAMZIDDIN, | : | |
| | : | Civil Action No. 07-5303 (KSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JERRY SPEZIALE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Abussamaa Rasul Ramziddin
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**HAYDEN**, District Judge

Plaintiff Abussamaa Rasul Ramziddin, a prisoner confined at Passaic County Jail in Paterson, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that his civil rights were violated, while confined at Passaic County Jail, on several specified dates between November 25, 2006 and June 26, 2007.  Plaintiff alleges that he sent interrogatories to several defendants, but that they failed to investigate or respond.  Plaintiff also refers to a "health crisis" and "repugnant issues" within Passaic County Jail.  Plaintiff alleges that his Eighth and Fourteenth Amendment rights have been violated.  He also alleges violations of New Jersey Administrative Code §§ 10A:3-3.2 and 10A:3-3.3, relating to the use of force by corrections officers.

Plaintiff names as defendants Passaic County Sheriff Jerry Speziale, Warden Charles Myers, William J. Pascrell, III, of the Passaic County Council, the Passaic County Board of Chosen Freeholders (including Director Elease Evans, Deputy Director Pat Lepore, and Freeholders Tahesha Way, Terry Duffy, James Gallagher, Bruce James, and Sonia Rosado), and One-50 Unknown Individuals (Passaic County Jail).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

4

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a plaintiff "need not plead facts," so long as the complaint meets the notice pleading requirements of Rule 8, see Alston v. Parker, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004), a complaint must plead facts sufficient at least to "suggest" a basis for liability, Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying Alston).  See also In re Tower Air, Inc., 416 F.3d 229, 236-38 (3d Cir. 2005) (a plaintiff should plead "basic facts," for those are necessary to provide the defendant fair notice of the plaintiff's claims and the grounds upon which it rests).

The Supreme Court has recently reiterated the basic pleading requirements under Rule 8.  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted)

(evaluating the adequacy of a pro se prisoner civil rights complaint).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

In addition, in a Complaint such as this, alleging multiple claims against multiple defendants, it is imperative that the complaint conform to the requirements of Rule 10(b), which requires that all averments of claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." See also Fed.R.Civ.P. 20(a)(2) ("Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

6

Plaintiff's pleading fails to conform to these Federal Rules of Civil Procedure and, so, fails to state a claim.

In addition, to the extent Plaintiff seeks to base a claim on an alleged failure to investigate a grievance, "'an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" Graw v. Fantasky, 68 Fed.Appx. 378, 2003 WL 21523251 (3d Cir. 2003) (unpubl.) (quoting unpubl. District Court opinion) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989)). Cf. Burnside v. Moser, 138 Fed.Appx. 414, 416, 2005 WL 1532429 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance process); Lewis v. Williams, 2006 WL 538546, *7 (D. Del. 2006) (failure to investigate a grievance does not raise a constitutional issue) (collecting cases). Compare Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, the only allegation against whom was that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions).

Finally, the Court notes that Plaintiff has named as defendants numerous supervisory personnel. Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City

7

<u>Department of Social Services</u>, 436 U.S. 658, 690-91, 694 (1978)

(municipal liability attaches only "when execution of a

government's policy or custom, whether made by its lawmakers or

by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury" complained of); <u>Natale v.

Camden County Correctional Facility</u>, 318 F.3d 575, 583-84 (3d

Cir. 2003).  "A defendant in a civil rights action must have

personal involvement in the alleged wrongs, liability cannot be

predicated solely on the operation of <u>respondeat</u> <u>superior</u>.

Personal involvement can be shown through allegations of personal

direction or of actual knowledge and acquiescence."  <u>Rode v.

Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations

omitted).  <u>Accord</u> <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286,

1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-

91 (3d Cir. 1995).

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint must be

dismissed without prejudice, pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a

claim.[1]  However, because it is conceivable that Plaintiff may be

---

[1] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case."  <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951

able to supplement his pleading with facts sufficient to state a

claim, the Court will grant Plaintiff leave to file a motion to

re-open.  Any such motion must be accompanied by a proposed

amended complaint which conforms to the pleading requirements set

forth in Rules 8 and 10 of the Federal Rules of Civil Procedure.[2]

An appropriate order follows.


 /s/Katharine S. Hayden
Katharine S. Hayden
United States District Judge

Dated: 3/25/08

---

(3d Cir. 1976)) (other citations omitted).  In this case, if
Plaintiff can correct the deficiencies of his Complaint, he may
file a motion to re-open this action in accordance with the court
rules.

   [2] Plaintiff should note that when an amended complaint is
filed, the original complaint no longer performs any function in
the case and "cannot be utilized to cure defects in the amended
[complaint], unless the relevant portion is specifically
incorporated in the new [complaint]."  6 Wright, Miller & Kane,
Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes
omitted).  An amended complaint may adopt some or all of the
allegations in the original complaint, but the identification of
the particular allegations to be adopted must be clear and
explicit.  Id.  To avoid confusion, the safer course is to file
an amended complaint that is complete in itself.  Id.  This is
especially true in a situation, such as this, in which the
original complaint is fatally vague.